**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAMELA ANN DOVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-CV-0635-CVE-SAJ |
| ) | |
| RON J. WARD, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 6), and has provided the state court records (Dkt. # 7) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 9) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

On January 13, 2001, at about 1:30 a.m., Officer Mitchell Franklin, a police officer for the City of Sand Springs, Oklahoma, stopped a vehicle driven by Henry Veasman because the vehicle's tag was expired. Petitioner Pamela Dover was a passenger in the vehicle. Veasman stopped the vehicle upon entering the driveway of the Days Inn Motel, located in Sand Springs, Oklahoma. A records check revealed that Petitioner Dover had outstanding warrants. As a result, she was handcuffed and arrested. The records search revealed no outstanding warrants for Veasman. As the he returned Veasman's driver's license, the Officer asked Veasman if he had any drugs or weapons on his person or in the vehicle. He answered no, and gave the Officer consent to search the vehicle. Officers searched the vehicle and found a Tupperware container with a green leafy substance inside.

Veasman was then arrested for possession of marijuana. He was handcuffed, read his rights under Miranda, and placed in the patrol car. Police Officers for the City of Sand Springs searched Veasman, Petitioner, the vehicle they occupied, room # 107 at the Days Inn Motel, and two (2) storage units rented by Veasman and Petitioner, and found components of a clandestine methamphetamine lab, precursors required for manufacturing methamphetamine, methamphetamine in its final form, marijuana, and multiple firearms.

As a result of these events, Petitioner was arrested and charged with five (5) counts, including Manufacturing a Controlled Dangerous Substance (Methamphetamine) (Count 1), Unlawful Possession of Marijuana with Intent to Distribute (Count 2), Possession of a Firearm After Former Conviction of a Felony (Count 5), and Unlawful Possession of Paraphernalia (Count 6), in Tulsa County District Court, Case No. CF-2001-374. Veasman was charged as Petitioner's co-defendant. Petitioner and Veasman were tried jointly. On February 25, 2002, Petitioner was found by a jury to be guilty of Counts 1, 2, 5, and 6. On March 26, 2002, the trial court sentenced Petitioner in accordance with the jury's recommendation to forty (40) years imprisonment and a $50,000 fine on Count 1; ten (10) years imprisonment and a $10,000 fine on Count 2; twenty (20) years imprisonment and a $10,000 fine on Count 5; and one (1) year in county jail and a $1,000 fine on Count 6. The sentences were ordered to be served consecutively, except Count 6 which was ordered to be served concurrently. Petitioner was represented at trial by attorney Ron Wallace.

Petitioner appealed her convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, she was represented by attorney Stephen J. Greubel. In her brief-in-chief, she raised four (4) propositions of error as follows:

> Proposition 1: The jury was improperly instructed to apply a sentencing enhancement statute which had been superseded prior to Appellant Dover's trial and conviction.
>
> Proposition 2: The State's improper closing argument deprived Appellant Dover of her right to fair trial and due process of law.
>
> Proposition 3: A judge who issues an arrest or search warrant based on his review of the affidavit in support of that warrant should recuse himself from hearing any later challenge to his issuance of that warrant.
>
> Proposition 4: The evidence was insufficient to support the jury's finding in Count Five that Appellant Dover knowingly and willfully possessed the specified pistol.

(Dkt. # 7, Ex. 10). In an unpublished summary opinion, filed April 23, 2003, in Case No. F-2002-429, see id., Ex. 1, the OCCA rejected each proposition of error and affirmed the Judgment and Sentence of the trial court.

Appearing *pro se*, Petitioner sought post-conviction relief in the state district court. She identified nine (9) grounds of error, as follows:

1. Proving beyond a reasonable doubt.

2. Dominion and control.

3. Prosecutorial misconduct.

4. Confidential informant.

5. Warrant requirements.

6. Recusal of judge.

7. Ineffective assistance of [trial] counsel.

8. Double jeopardy clause.

9. Manufacturing.

3

See Dkt. # 7, Ex. 2, attachment. On October 13, 2003, Petitioner filed a supplement to her application for post-conviction relief. See Dkt. # 7, Ex. 2. In that pleading, Petitioner identified additional claims, including a claim of ineffective assistance of appellate counsel. By Order filed October 22, 2003, the state district court recognized only the claims raised in the original application and denied the requested relief. See id., Ex. 3. The state district court did not address the claims raised in the "supplemental" application. Petitioner attempted to perfect a post-conviction appeal in the OCCA. By Order filed December 19, 2003, in Case No. PC-2003-1322, the OCCA declined jurisdiction and dismissed the appeal as untimely, finding that Petitioner had failed to comply with Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals* (requiring that a petition in error and brief be filed within thirty (30) days of the date the final order is filed with the clerk of the trial court). See id., Ex. 5.

On December 8, 2003, Petitioner filed a motion for leave to appeal order denying post conviction relief out-of-time. Dkt. # 7, Ex. 6. By order filed January 22, 2004, the state district court recommended that Petitioner's request for an out-of-time post-conviction appeal be denied. Id., Ex. 7. Petitioner appealed. On May 5, 2004, the OCCA affirmed the district court's denial of a post-conviction appeal out-of-time. Id., Ex. 9.

Petitioner filed the instant habeas corpus petition on August 17, 2004 (Dkt. # 1). In her petition, Petitioner raises six (6) grounds of error, as follows:

    Ground 1:    Petitioner was convicted with evidence obtained by illegal search and seizure, in violation of the Fourth Amendment.

    Ground 2:    The convictions for manufacturing methamphetamine and for possession of a firearm after former conviction of a felony contradict the due process requirement of *In re Winship* and *Jackson v. Virginia* that the State prove guilt beyond a reasonable doubt.

4

> Ground 3: Ineffective assistance of appellate counsel 1) for failing to adequately argue bias on the part of the judge who issued the search warrant then later heard the challenge to the issuance of that warrant; and 2) for failing to argue that Petitioner did not have dominion and control over any of the contraband at issue, thus the evidence was insufficient to sustain a finding of guilt for manufacturing methamphetamine.
>
> Ground 4: Petitioner's right to due process and a fair trial was violated by the trial court's refusal to sever her trial from that of her co-defendant, because some of the evidence introduced in the trial was obtained as a result of Petitioner's cooperation with police as a confidential informant and because their defenses were mutually antagonistic.
>
> Ground 5: The jury was improperly instructed to apply a sentencing enhancement statute, which had been superseded prior to Petitioner's trial and conviction.
>
> Ground 6: Petitioner is entitled to independent review of all claims given the Oklahoma Court of Criminal Appeals' objectively unreasonable determinations.

(Dkt. # 1). In response to the petition, Respondent asserts that Petitioner's grounds 1, 3, 4, and part of 2 are procedurally barred, that ground 5 is not cognizable on federal habeas corpus review, and that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d) on her ground 2 challenge to the sufficiency of the evidence supporting the conviction for possession of a firearm after former conviction of a felony. See Dkt. # 6.

## *ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.[1] In

---

[1] As ground 4, Petitioner alleges that the trial court erred in denying a motion to sever resulting in Petitioner being tried jointly with her co-defendant. Petitioner has never presented that claim to the state courts. As a result, the claim is technically unexhausted. In light of the procedural posture of this case, however, the Court finds it would be futile to require Petitioner to return to state

5

addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In ruling on Petitioner's direct appeal, the OCCA adjudicated Petitioner's ground 2 claim challenging the sufficiency of the evidence supporting her conviction

---

court because her claim would undoubtedly be subject to a procedural bar independent and adequate to prevent habeas corpus review. Therefore, there is no available state corrective process, and the consideration of the claim is not precluded by the exhaustion requirement of § 2254(b). The claim is, however, procedurally barred, as discussed in Part C of this opinion. See Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n. 7 (10th Cir. 2007) (describing application of "anticipatory procedural bar" to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it).

6

for possession of a firearm after former conviction of a felony and her ground 5 challenge to the jury instruction. Therefore, to the extent those claims are cognizable in a federal habeas corpus proceeding, they shall be reviewed pursuant to § 2254(d).

### *1. Sufficiency of the evidence (part of ground 2)*

As part of her second proposition of error, Petitioner challenges the sufficiency of the evidence supporting her conviction of Possession of a Firearm After Former Conviction of a Felony. The OCCA adjudicated this claim as part of Petitioner's direct appeal. Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt

was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Petitioner alleges "the evidence simply did not support the conviction of possession of the firearm." See Dkt. # 3 at 26. The OCCA rejected this claim, finding as follows:

> Dover's jury was properly instructed that she could be convicted on Count V for either possessing the pistol or for knowingly and willfully having it at the place where she was residing. Furthermore, the evidence presented at trial was sufficient for the jury to reasonably conclude that Dover was residing in Room 107 of the Days Inn, that she was aware of the presence of Veasman's 9 mm pistol in the safe, and that she had the ability and intent to access the gun -- to protect their joint drug-making and distributing endeavor -- if she felt the need to do so.

(Dkt. # 7, Ex. 1 (footnotes omitted)).

Under Oklahoma law, no person may be convicted of possession of a firearm after former conviction of a felony unless the State has proven beyond a reasonable doubt the following elements: (1) knowingly and willfully; (2) possessing/having at the place where the defendant resides; (3) any pistol; and (4) the defendant had previously been convicted of a felony. See Okla. Stat. tit. 21, § 1283 (Supp. 1996). In this case, Petitioner admitted at trial, see Dkt. # 7, Ex. 12, Tr. Trans. Vol. III at 684, 695-98, and does not contest in this action, that she had multiple prior felony convictions. At trial, police officers for the City of Sand Springs testified that at the time of her arrest, Petitioner had on her person 4 individual baggies of marijuana, a pipe, a key to a room at the Days Inn Motel, part of a rental agreement for storage units, 2 packs of rolling papers, and an Access Oklahoma card in another person's name. See Dkt. # 7, Ex. 12, Tr. Trans. Vol. II at 346, 348. After obtaining a search warrant, police officers searched Room 107 of the Days Inn Motel where they found drug transaction records, multiple "residency papers" bearing Petitioner's name, scales, a safe containing a 9 mm pistol, a large bag of marijuana, and chemicals and equipment required for the manufacturer of

methamphetamine. Id. at 374-88, 389-97. Petitioner's co-defendant testified that he owned a 9 mm pistol and a .32 caliber derringer. Id., Vol. III at 635. After viewing the evidence in a light most favorable to the prosecution, the Court finds a reasonable jury could have found proof of Petitioner's guilt beyond a reasonable doubt of Possession of a Firearm After Former Conviction of a Felony. The cited evidence indicates Petitioner knew her co-defendant always carried guns and that there was a pistol in Room 107. In addition, the evidence indicated that she was staying in the room where she had access to the firearm. There was also overwhelming evidence that Petitioner and her co-defendant had manufactured methamphetamine and were distributing controlled drugs, including marijuana and methamphetamine. Petitioner and her co-defendant had a firearm readily accessible, purportedly for protection of their drug distribution interests. The Court finds the record supports the OCCA's conclusion that the evidence was sufficient for a reasonable jury to find guilt beyond a reasonable doubt of Possession of a Firearm After Former Conviction of a Felony. Therefore, the OCCA's decision was not an unreasonable application of Jackson and Petitioner is not entitled to habeas corpus relief on that part of her second ground of error.

### *2. Jury instruction (ground 5)*

As her fifth proposition of error, Petitioner alleges that the trial court erred in instructing the jury regarding punishment after two prior felony convictions under Okla. Stat. tit. 21, § 51.1. Specifically, Petitioner complains that the trial court erred by failing to cite to the statutory change made to Okla. Stat. tit. 21, § 51.1, after she committed the crime for which she was convicted but before her trial and sentencing. Petitioner committed her crimes on January 13, 2001. She was found guilty at the conclusion of a jury trial on February 25, 2002. The amendment to Okla. Stat. tit. 21, § 51.1, effective July 1, 2001, provided for a minimum sentence for offenders with two prior felony

convictions of three (3) times the minimum provided in the applicable felony statute for a first time offender. On direct appeal, Petitioner argued that since the minimum sentence provided by the statute governing her drug offense as charged in Count 2 was two (2) years, the amendment would, if applied to her conviction, have allowed the jury to award her a minimum punishment of six (6) years, rather than twenty (20) years. See Dkt. # 7, Ex. 10. She also argued that since the minimum sentence for a first time conviction of possession of a firearm after former conviction of a felony as charged in Count 5, was one (1) year, the amendment would have allowed the jury to award her a minimum punishment of three (3) years, rather than twenty (20) years. Id. However, the OCCA rejected this claim on direct appeal, citing Williams v. State, 59 P.3d 518, 519 (Okla. Crim. App. 2002), and stating, "Dover was not entitled to a retroactive application of 21 O.S.2001, § 51.1(C). Her jury was properly instructed in accord with the sentencing enhancement statute that was in effect at the time of her crime, namely, 21 O.S.Supp. 2000, § 51.1(B)." See Dkt. # 7, Ex. 1 (footnote omitted).

In rejecting Petitioner's claim that she was entitled to the benefit of the retroactive amendment, the OCCA determined as a matter of state law that Petitioner was not entitled to the benefit of the amendment. Federal habeas relief will not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). To be entitled to habeas corpus relief, a petitioner must show that the alleged violation of state law resulted in a denial of due process. See Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999) (citing Hicks v. Oklahoma, 447 U.S. 343, 346 (1980)). "Moreover, the deprivation occasioned by the state's failure to follow its own law must be 'arbitrary in the constitutional sense'; that is, it must shock the judicial conscience." Aycox, 196 F.3d at 1180. Petitioner fails to point to any OCCA precedent determining that the amendment to Okla. Stat. tit. 21, § 51.1, should have retroactive effect. In fact, the case cited by the OCCA holds to the contrary.

See Williams, 59 P.3d at 519 (rejecting claim that a defendant was entitled to retroactive application of Okla. Stat. tit. 21, § 51.1(C) and stating general rule that in absence of express indication that legislature intended amendment changing sentencing range to operate retroactively, defendant is entitled only to application of law in effect at time of his crime).  Petitioner has failed to demonstrate that the failure to apply the amended sentencing statute resulted in a deprivation of due process.  The Court concludes that Petitioner is not entitled to habeas corpus relief on this claim.

### 3. *Unreasonable ruling by the OCCA (ground 6)*

As her sixth proposition of error, Petitioner claims that she is entitled to "independent review" of her claims given the OCCA's "objectively unreasonable determinations." See Dkt. # 1. In applying the § 2254(d) standard to Petitioner's claims analyzed by the OCCA on direct appeal, the Court determined above that the OCCA's adjudication of the claims was not an unreasonable application of federal law as determined by the United States Supreme Court.  As a result, the state appellate court's adjudication is entitled to the deference prescribed by 28 U.S.C. § 2254(d).  Petitioner is not entitled to the relief sought in ground 6 of her petition.

**C. Procedural Bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995).  A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

11

In this case, Petitioner first raised grounds 1, 3, and part of 2 in an application for post-conviction relief.[2] In addition, Petitioner has never raised ground 4 to the state courts. Because the claim would be subject to a procedural bar if Petitioner were to return to state court to exhaust the claim, the Court finds ground 4 is subject to an "anticipatory procedural bar" in this Court. See Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n. 7 (10th Cir. 2007). After the state district court denied relief, see Dkt. # 7, Ex. 3 attachment, the OCCA dismissed the post-conviction appeal because Petitioner failed to file her post-conviction petition in error within thirty (30) days of the entry of the district court order denying post-conviction relief as required by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. The OCCA specifically cited to Rule 5.2(C) (providing that "[f]ailure to file a petition in error, with a brief, within the time provided, shall constitute a procedural bar for this Court to consider the appeal"), as authority for the dismissal of the appeal. See Dkt. # 7, Ex. 5. The state appellate court did not bar Petitioner's claims based on her failure to raise the claims on direct appeal.

The OCCA's dismissal of the post-conviction appeal was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (concluding that failure to comply with Rule 5.2(C) is an "adequate"

---

[2]As her third proposition of error, Petitioner alleges she received ineffective assistance of appellate counsel. As noted above, Petitioner first raised a claim of ineffective assistance of appellate counsel in a "supplemental" application for post-conviction relief. The state district court did not address the claim in its order denying post-conviction relief. As a result, it could be argued that the claim was not fairly presented to the state district court. It is clear, however, that the claim was defaulted on post-conviction appeal and is subject to a procedural bar.

ground because the need for "a copy of the district court's order [to be] filed with the reviewing court is necessary for proper evaluation of the judgment below"). Therefore, federal habeas corpus review of Petitioner's claims is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if Petitioner's claims are not considered. Coleman v. Thompson, 501 U.S. 722 (1991).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In her reply to Respondent's response, Petitioner explains that her post-conviction appeal was dismissed as untimely because the filing fee was not timely received by that court's clerk. See Dkt. # 9. She asserts that prison officials were responsible for failing to pay the filing fee in a timely manner. Id. Significantly, Petitioner sought an out-of-time post-conviction appeal. The state district court recommended that Petitioner's request for a post-conviction appeal out-of-time be denied because she had "failed to support by evidence or documents his (sic) allegation that she was denied an appeal of the denial of his (sic) Application for Post-Conviction-Relief due to no fault of her own." (Dkt. # 7, Ex. 7). Petitioner appealed to the OCCA. The OCCA affirmed the state district court's recommendation, finding that Petitioner had not demonstrated "that her failure to timely file her post-

conviction appeal with proper filing fees was through no fault of her own. Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2004); *Smith v. State*, 1980 OK CR 43, ¶2, 611 P.2d 276, 277." (Dkt. # 7, Ex. 9).

In this habeas action, Petitioner asserts the OCCA received her papers about a week prior to the deadline. She claims she submitted a proper and timely request to prison officials to have the $50 filing fee deducted from her account and mailed to the OCCA. She learned too late, however, that the prison business office was not processing inmate disbursement requests and, as a result, her filing fee was paid five (5) days too late. See id. The Court finds that because the state district court denied post-conviction relief on October 22, 2003, Petitioner's deadline at the OCCA was November 21, 2003. Petitioner's appeal was docketed at the OCCA on December 5, 2003, or two (2) weeks beyond the deadline. Without offering any supporting documentation, such as a copy of the disbursement request, Petitioner alleges she requested disbursement on October 27, 2003. Petitioner also states she knew that "filing deadlines and fee requirements" are jurisdictional and that her facility's business office was understaffed and "out of checks to pay disbursements." See Dkt. # 7, Ex. 6; see also, Dkt. # 7, Ex. 8. Petitioner has not provided any documents or other evidence supporting her allegations, and a record of the disbursement request should have been available. As a result, she has failed to rebut with clear and convincing evidence the finding of fact by the state courts that she did not demonstrate her failure to commence a timely post-conviction appeal was through no fault of her own. See 28 U.S.C. § 2254(e)(1). That finding of fact is entitled to a presumption of correctness. Id. As a result, the Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to her claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Petitioner asserts that she is actually innocent of the crimes for which she was convicted. She fails, however, to provide any new evidence supporting her claim of actual innocence. As a result, she does not fall within the fundamental miscarriage of justice exception. The Court concludes that Petitioner's grounds 1, 3, 4, and her challenge to the sufficiency of the evidence supporting her conviction for manufacturing methamphetamine as asserted in ground 2, are procedurally barred. Habeas corpus relief on those claims shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that she is in custody in violation of the Constitution or laws or treaties of the United States. Her petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

**DATED** this 12th day of February, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT